## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                          BKY No. 21-31539 KAC

                                                                        Chapter 11 Case

Local Motion MN, LLC,

          Debtor.

_____

                                                                Adv. No.: 22-_____

Local Motion MN, LLC,

          Plaintiff,
                                                        **ADVERSARY COMPLAINT**

vs.

David Seeley,

          Defendant.

_____

     Local Motion MN, LLC, (**"Plaintiff"**) Debtor in Possession in the above-entitled chapter 11 bankruptcy case (the "Case") by and through its undersigned attorneys, hereby files this adversary complaint (the "Complaint") pursuant to 11 U.S.C. §105(a) and Fed.R.Bankr.P. 7065 to seek entry of an injunction barring Defendant from interfering with the business operations of the Debtor, and in support thereof alleges as follows:

                                **THE PARTIES**

     1.     The Debtor is the debtor in possession in the above-referenced bankruptcy case, with all of the rights, powers, and duties conferred under 11 U.S.C. § 1107.

     2.     Defendant is an individual and had ownership in the Plaintiff through Local Motion Holdings, Inc, d/b/a Local Motion Minnesota Inc. (hereinafter "LMM"), which said entity owns 60% of the Debtor.  LMM, though its other owners, expelled Defendant from LMM pursuant to

the company's operating agreement.  Defendant resides at 18219 Tristam Way, Eden Prairie, Minnesota 55346.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this adversary proceeding pursuant 28 U.S.C. §§ 157 and 1334.

4.      This adversary proceeding involves matters related to the Debtor's chapter 11 case.

5.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## NATURE OF ACTION

6.      The Debtor brings this adversary proceeding pursuant to 11 U.S.C. §105(a) and Fed.R.Bankr.P. 7065 to seek entry of an injunction barring Defendant from interfering with the business operations of the Debtor/Plaintiff, which, in turn, harms the Debtor from performing under the confirmed plan of reorganization (Doc. No. 109) (hereinafter "the Plan").

## FACTUAL BACKGROUND

7.      On September 10, 2021, the Plaintiff filed a voluntary Petition for Relief (the "Petition Date") pursuant to Chapter 11, Small Business Reorganization Act of 2019 ("SBRA") Subchapter V of the Bankruptcy Code.  Plaintiff is operating as a debtor-in-possession.

8.      Defendant David Seeley held an ownership interest of the Debtor through his ownership of LMM, but the Debtor maintains he is no longer an owner, nor is he an employee.

9.      Since confirmation of the Debtor's Plan, the Defendant has continuously acted against the interests of the Debtor and its business operations.

10.     On October 11th, 2022, Defendant deleted all the phone accounts of all salespeople from Ring Central, who is Debtor's phone provider.  This account requires a login, so Debtor can see it was Defendant who did this. The Debtor has managed to fix some aspects of this, but the

account with Ring Central is still not back to normal. Many of the deleted phone numbers have been assigned to Debtor's sales force for literally decades and many repeat customers have these numbers to directly contact sales staff to book business, and that is now gone. There is nearly $300,000 in business that is already booked or pending that is in jeopardy because the customers have lost the ability to contact their sales representative.

11. On October 12th, 2022, Defendant took down some, but not all of the Debtor's staff e-mails. Without those e-mails staff have lost contact with customers, vendors, and associates.

12. On October 12th, 2022, Defendant took down Localmotionmovers.com, the business's primary web URL and he put up Localmotion.com which was the old business URL and which had been set to forward searches to the new URL. According to information provided on or around November 14, 2022, by the Debtor's SEO/SEM provider, monthly traffic at the Debtor's web site a year ago averaged 700 unique contacts, and this year that has increased to 2800 unique contacts per month, so the taking down of this URL removes all the gains the Debtor has invested in and achieved to optimize the site and make the localmotionmovers.com URL a better channel to connect consumers to the company. Based on conversion and closing statistics, that would conservatively mean a drop in booked business of over $100,000 per month. And the longer the site remains down, the longer it will take to repair the damage being done to the authority of the site.

13. Defendant deleted the main numbers out of the phone system as well including what was listed in Google, calls went nowhere.

14. All of these actions are in direct violation of the Settlement Standstill Agreement reached in the previous Adversary Proceeding for Injunctive Relief, Case No. 22-03018. Due to a confidentiality provision, this agreement is not being attached as an exhibit, but the gist of the

agreement was that Mr. Seeley agreed to cease and desist from taking actions that would adversely affect the Debtor.

15.    The Debtor needs to have control of the phone system and its numbers, and the URL removed from Defendant and placed in the control of the Debtor.

16.    By deleting phone numbers and re-routing web traffic, the Defendant has cost the Debtor company sales and revenue opportunities, into the tens of thousands of dollars.

## DEBTOR'S PLAN OF REORGANIZATION

17.    The Debtor's Plan was confirmed by the court on March 28, 2022 (Doc. No. 118) and the Debtor is performing the terms of the Plan.  However, the actions of the Defendant is interfering with the Debtor's ability to meet its obligations under the Plan.

## COUNT ONE – PRELIMINARY INJUNCTION

18.    The Debtor reasserts all the foregoing allegations.

19.    An entry of an injunction barring Defendant from having control of the URL and Phone System, which are essential to the operation of the Debtor's business and to its successful reorganization.

20.    The risk of harm to the Debtor should the injunction be denied outweighs the risk of harm to Defendant should the injunction be granted.

21.    The Debtor is on its way toward successfully reorganizing under the Plan, but continued interference with the Debtor's operations will impede the Debtor's success.

22.    Based on the foregoing, the Debtor requests entry of an order enjoining Defendant from having control of the URL and Phone System, and returning things back to the way they were before these adverse actions were taken.

**COUNT TWO – CONVERSION OF BANKRUPTCY ESTATE PROPERTY**

23.     The Debtor reasserts all the foregoing allegations.

24.     The Debtor's property consisting of their phone system and phone numbers, and its website and other internet marking.

25.     By commandeering the phone numbers of the Debtor and the Debtor's sales team, and by rerouting web traffic from the Debtor's URL, the Defendant has wrongfully appropriated and altered assets of the Debtor's bankruptcy estate, and caused the loss of revenue to the Debtor.

26.     Defendant's actions are intentional and unjustified and are aimed at causing the Debtor to breach its obligations under the Plan, or to otherwise enrich Defendant or an entity for which he has control.

27.     The Defendant's wrongful conduct amounts to conversion of estate property and property of the Debtor.  The Debtor requests an award of any and all damages incurred due to the actions by Defendant.

**WHEREFORE,** the Debtor respectfully requests that the Court enter judgment providing the following relief:

(A)     Enjoining Defendant from having control of the URL and Phone System, or such other date as the Court may deem appropriate; and

(B)     Granting such other relief as may be just and equitable.

**LAMEY LAW FIRM, P.A.**

Dated: November 16, 2022          By: _____

Elaine D.W. Wise (#0387871)
John D. Lamey, III (#0312009)
980 Inwood Avenue North
Oakdale, MN 55128
651-209-3550
*Attorneys for Plaintiff/Debtor*

## **VERIFICATION**

I, Mitchel Rittenhouse, CFO of Local Motion MN, LLC, hereby verify, under penalty of perjury, that I have read the foregoing Adversary Complaint for Injunction, I know the contents thereof, and the facts contained therein are true and correct to the best of my knowledge, information, and belief.

Dated: November 15, 2022

Mitchel Rittenhouse, CFO and Managing
Member